

**MURCHISON & CUMMING LLP**

Embarcadero Center West
275 Battery Street
Suite 850
San Francisco CA 94111
415.524.4300 Phone
415.391.2058 Fax

www.murchisonlaw.com

**Valarie H. Jonas**
vjonas@murchisonlaw.com
415.524.4316 Direct Dial

October 2, 2013

Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
Courtroom G -15th Floor
450 Golden Gate Ave
San Francisco, CA 94102

Re: *Ashley Morrison vs. T. Rowe Price Group, Inc., et al.*
Case No. C11-2813 EMC

Dear Judge Spero:

Pursuant to Judge Chen's September 18, 2013 Order (Docket No. 68, attached as Ex. A), in the interest of completing key discovery prior to the November 4, 2013 mediation of this case, the T.Rowe Price ("TRP") Defendants and Plaintiff Ashley Morrison respectfully request the Court rule on the following Joint Letter of Discovery Dispute on an expedited basis. TRP's lead trial counsel is out of the country from October 4 to October 21, and further respectfully requests that any hearing on this matter be set, if possible, during the week of October 21, 2013.

**Statement by the TRP Defendants**
**A. Summary of the Issues:**
This discovery dispute arises out of 1) Plaintiff's failure to provide complete copies of the documents in support of her claim for attorney fees as an element of her economic damages in this action, and 2) Plaintiff's failure to provide a complete computation of damages under FRCP Rule 26.

In 2010, Plaintiff brought a conservatorship proceeding against her now deceased father in Alabama, seeking to appoint herself as his guardian on the grounds he was mentally incompetent; thereafter she engaged in probate litigation with her stepmother in Alabama on the grounds of "undue influence" (collectively, the "Estate Litigation"). Plaintiff now seeks to recover the fees and costs incurred in this Estate Litigation including attorney, court reporter, and medical expert fees in the total amount of $252,521.88. Plaintiff has not disclosed her theory in this regard, leaving TRP to guess that it is based on "tort of another." In support of her fee claim Plaintiff has produced heavily redacted copies of attorney, court reporter and medical consultant fee bills which eliminate all information except for the provider name, date and the amount of the bill. Plaintiff has refused to provide any of the substantive time entry information on the bills or any other description of the services rendered. The redacted bills also account for only $223,424.03 in the fees Plaintiff is seeking. Plaintiff has failed to provide any documents to substantiate the remaining $29,097.85 in fees and costs she is claiming. And, while Plaintiff agreed to provide part of the underlying litigation files from the Estate Litigation, she refuses to provide a complete and unredacted copy, nor has she



Magistrate Judge Spero
October 2, 2013
Page 2

indicated when these documents will be produced, despite the fact that the request has been pending since October 7, 2011.

Under a "tort of another" theory, it is improper to award attorney fees as damages for the prosecution of a separate action which is unrelated to the defendants' conduct. Moreover, only reasonably necessary fees may be awarded. The documents at issue here are necessary for TRP to determine whether the fees incurred in the Estate Litigation are causally related to the claims being asserted in this case and whether the fees incurred were reasonable and necessary. A "tort of another" fee claim is also not a post trial matter. It is a jury issue. Without the underlying litigation file and complete copies of the fee bills TRP cannot prepare for Plaintiff's deposition and cannot adequately prepare for trial.

Plaintiff has also failed to provide a complete computation of her damages as required by Rule 26, further leaving TRP to guess at what the components of her damages for "50%" of her deceased father's estate are, the basis of her $10 million claim for emotional distress, and the basis for valuing her lost wages claim.

Counsel for Plaintiff and TRP have met and conferred at length, including two in-person meetings between lead trial counsel on August 27, 2013, and September 18, 2013, on this and numerous other discovery issues which have arisen with regard to Plaintiff's responses to TRP's First and Second Requests for Production and Plaintiff's Rule 26 disclosures. Counsel have been unable to reach agreement on these two issues.

### B. The Requests for Production at Issue:

**Request for Production of Documents No. 7:** Any and all DOCUMENTS, including pleadings, deposition transcripts, and court orders, relating to the pending lawsuit before the Circuit Court of Mobile County, Alabama, entitled Ashley Morrison v. Jennifer J. Morrison, Case No 02-CV-2010-001125, and the case entitled In re Matter of Ronald Benedict Morrison, Case 2010-1188, previously pending before the Probate Court of Mobile county, Alabama (collectively, the "Estate Litigation")
**Second Amended Response to Request for Production No. 7:** Plaintiff has produced the responsive documents that she has and does not object to production by Alabama counsel of addition al [sic] non-privileged responsive documents that they may possess, provided that Defendants bear the costs of any such further production. Despite further diligent search and reasonable inquiry, Plaintiff has no knowledge of responsive documents, other than those Plaintiff has already produced or referenced above.
**Request for Production of Documents No. 8:** All invoices for legal services YOU have incurred in the Estate Litigation.
**Second Amended Response to Request for Production No. 8:** Plaintiff has produced redacted copies of all responsive pleadings. Despite further diligent search and reasonable inquiry, Plaintiff has no knowledge of responsive documents, other than those Plaintiff has already produced.
**Request for Production of Documents No. 25:** Any and all DOCUMENT that support YOUR attorney fees claim that YOU allegedly sustained as alleged in the Complaint on file herein.
**Second Amended Response to Request for Production No. 25:** Plaintiff has produced redacted copies of all responsive pleadings. Despite further diligent search and reasonable inquiry, Plaintiff has no knowledge of responsive documents, other than those Plaintiff has already produced.



### C. Plaintiff Has Waived Privilege with Regard to the Estate Litigation by Asserting the Fees from that Litigation as an Element of Damages in this Lawsuit.

Plaintiff has to date not disclosed her theory for claiming attorney fees in this case. See *Brighton Collectibles, Inc. v. RK Texas Leather Mfg*, 2013 U.S. Dist. LEXIS 125661, *1 (S.D. Ca. 2013) (Under Rule 26 plaintiff must disclose both theory and computation of damages.). TRP has been unable to confirm whether the claim is based on a "tort of another" theory. See e.g., *Burger v. Kuimelis*, 325 F. Supp.2d 1026, 1043 (N.D. Ca. 2004) ("a person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees and other expenditures thereby suffered or incurred.") Under California law it is improper to award "tort of another" fees as damages for the prosecution of a lawsuit which is unrelated to the conduct of the defendant from whom the fees are being sought. *Flyer's Body Shop v. Ticor Title Ins. Co.* (1986) 185 Cal.App.3d 1149, 1155.

On May 22, 2013, Plaintiff produced redacted copies of attorney fee bills, a medical bill and a court reporter bill which eliminated all information except date, provider's name and the total amount due on each invoice. The invoices total $223,424.03. None of the bills appear to pertain to this case and none were generated by Plaintiff counsel in this case. They all appear to pertain to the Estate Litigation. In Plaintiff's September 13, 2013 Rule 26 calculation of damages Plaintiff includes "damages in the amount of $252,521.88 comprised of attorney's fees and costs incurred in the Alabama litigation..." [Emphasis added.] Plaintiff has not produced any documents to account for the remaining $29,097.85 in fees she is seeking. She also refuses to provide complete copies of the bills she has produced on the grounds of privilege and work product. Plaintiff has also failed to produce a complete copy of the litigation files for the Estate Litigation based on privilege. Without this information it is impossible for TRP to determine the nature of the fees incurred, whether they were reasonably incurred and whether they remotely relate to the allegations made against TRP in this action.

Where, as here, a plaintiff asserts fees as an element of her damages she has "waived the privilege that might have covered the information." *Mancini v. Ins. Corp.*, 2009 U.S. Dist. LEXIS 51321, *13-*14 (S.D. Cal. June 18, 2009) Accord *R&S Sails v. Insurance Company of State of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012)(plaintiff claiming fees as economic damages required to produce fee bills or make them available for inspection under Rule 26); *Luna v. Sears Life Ins. Co.*, 2008 U.S. Dist. LEXIS 49163, *3 (S.D. Cal. 2008)("[p]laintiff cannot request attorneys' fees and simultaneously argue the information supporting the claim is privileged.") The fact this is not an insurance coverage dispute does not alter the analysis. Plaintiff is claiming fees as an element of her economic damages, just as an insured would in making a *Brandt* fee claim. She cannot, on the one hand, demand TRP pay all fees from the Estate Litigation, then deny TRP a right to discover the very basis for that claim. Plaintiff has put these fees at issue. By doing so she has waived privilege with respect to the issues raised by that claim as a matter of California law.

The California Supreme Court has further determined that, unlike a contractual or statutory claim for fees which is decided by the court on a post trial motion, "a claim for attorney fees under the 'tort of another' doctrine may not be asserted by post trial motion but rather must be pleaded and proved to the trier of fact." *Hsu v. Abbara* (1995) 9 Cal.4th 863, 868, fn.3. TRP is therefore entitled to discovery on this issue now so that it may prepare for trial. It also needs this information to prepare for Plaintiff's deposition and the November 4 mediation.



During meet and confer sessions Plaintiff counsel argued that TRP could obtain its discovery on these issues by taking Plaintiff's deposition. The argument misses the point. TRP must be able to evaluate whether the fees and costs Plaintiff is seeking as damages were incurred as a result of TRP's alleged conduct and whether they were reasonably necessary. To do so TRP needs to be able to review the complete litigation file itself, and complete copies of the bills. Plaintiff is not entitled to self-limit discovery on a $252,521.88 damage by restricting it to her own testimony.

Because the information sought is relevant and any privilege has been waived, Plaintiff should be compelled to produce complete copies of the attorney bills, the court reporter bill, the medical expert bill for which she is seeking payment in this case and a complete copy of the underlying litigation file from which TRP may determine whether any such fees are remotely related to TRP's conduct as alleged in this lawsuit.

### D. Plaintiff Has Failed to Provide a Complete Computation of Damages under FRCP Rule 26.

In Plaintiff's October 27, 2011 First Amended Rule 26 Disclosure, she states her damages consist of $1.1 million for the value of her father's estate, $44,000 in legal and related costs and expenses and $10 million in emotional damage.

In Plaintiff's September 13, 2013 "Amended Calculation of Damages, Updating the Rule 26 Calculation of Damages Last Provided in Plaintiff's Amended Rule 26 Disclosures of October 27, 2011," Plaintiff now alleges "50% of the value of the Estate of Ronald A. Morrison...the component assets are comprised of assets such as stock and real property, that fluctuate in value. The dollar value of this component of damages is estimated to be $550,000." Plaintiff also includes $252,521.88 in fees related to the Estate Litigation, $108,907 in lost wages and $10 million in emotional distress.

Vaguely asserting that the claim includes items "such as" stocks and property, without even stating what the stocks or what the real property are, does not provide TRP any meaningful information from which it can evaluate the claim. Despite TRP's requests, Plaintiff has refused to identify the "assets, stock and real property" that comprise her $550,000 claim for "50%" of the estate, much less the value for each of these readily identifiable components of the claim, or the operative date of valuation. Plaintiff has produced 1090 pages of documents, 493 of which are financial records from TRP, Regions Bank, Dreyfus and Fidelity for the period 2006-2010. She has not identified which, if any, of these documents support the $550,000 damage claim. Plaintiff also alleges "lost wages" in the amount of $108,907, without stating the number of hours or pay rate or the dates she allegedly lost such wages. Her $10 million emotional distress "computation" provides no information at all

Under Rule 26 Plaintiff must provide her computation of damages in sufficient detail to enable TRP "to understand the contours of its potential exposure and make informed decisions regarding settlement and discovery." *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). This requires more than merely setting forth a "lump sum statement" of damages. *Id.* And it requires more than producing a large volume of documents and effectively saying "you figure it out." See *First Nat. Bank of Chicago v. Ackerley Comm. Inc.*, 2001 U.S. Dist LEXIS 20895 (SDNY 2001) (calculation of damages requires more than merely setting forth figure demanded); *Ayanna v. Dechert LLP*, 2011 U.S. Dist. LEXIS 121470 *2 -*3 (D. Mass. 2011) ("language of the Rule calls for more than a listing of the category of damages—it requires Plaintiff to place a numerical



Magistrate Judge Spero
October 2, 2013
Page 5

value on each category of damages."); *Kleiner v. Burns*, 2001 U.S. Dist. LEXIS 21850 (D.Kan. 2000) (defendant is generally entitled to a "specific computation" of damages.) By its very terms Rule 26(a) requires more than providing-without any explanation-undifferentiated financial statements; it requires a 'computation' supported by documents." *Frontline Med. Assocs. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009), citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006)("[a] party is not excused from making its disclosures because it has not fully investigated the case").

Future expert analysis does not relieve Plaintiff of her obligation to provide information reasonably available to her now. See *City & County of San Francisco, supra*, 218 FRD at 222 ("[p]roviding this information, even if based as tentative early information, would advance this litigation without imposing a significant burden on the Plaintiffs.") This case was filed May 6, 2011—two and a half years ago. Plaintiff has had ample opportunity to calculate the components of her damages claim and produce the same. Her ongoing failure to do so is prejudicing TRP's ability to complete key discovery, including Plaintiff's deposition, before the November 4, 2012 mediation, and is prejudicing its ability to prepare for trial.

TRP is entitled to discovery on the basis of Plaintiff's attorney fee claim, including the work that was performed by the lawyers who generated those fees. TRP should be provided full access to the underlying Estate Litigation file, including all pleadings, correspondence and the bills themselves. TRP is also entitled under Rule 26 to a complete computation of damages from which it can evaluate the claims and settlement prospects. TRP needs this information to prepare for and take Plaintiff's deposition which is also key to the November 4, 2013 mediation.

**Requested Relief:** Based on the foregoing TRP respectfully requests:
1) Plaintiff be ordered to provide a complete and unredacted copy of the Estate Litigation file which is the subject of her "tort of another" fee claim, including pleadings and correspondence, and complete copies of all attorney, court reporter, medical and any other consultant bills she contends are an element of her damages in this case;

2) all backup documents supporting the additional $29,097.85 in fees for which she has provided no evidence whatsoever; and

3) a more specific computation of damages under Rule 26 which includes a) identifying the specific assets, value and valuation date of each "stock and real property" that comprises her "50% of the Estate" claim; b) the hourly rate, number of hours and specific time period for her lost wage claim; and c) identifying the components of her emotional distress claim.

TRP further requests that Plaintiff identify which documents she contends support each component of her damages claim by bates number.

TRP requests that the court order Plaintiff to produce all these documents and all other responsive documents that are subject of this motion by October 14, 2014.



Magistrate Judge Spero
October 2, 2013
Page 6

**Plaintiff's Statement:**

As set forth above, the T. Rowe Price Defendants seek (1) production of unredacted copies of each of the invoices from Ms. Morrison's attorney's in the related Alabama litigation (as well as the "litigation file" including privileged correspondence for each of the Alabama lawyers) and (2) a Third Amended Calculation of Damages pursuant to Rule 26. Both requests are meritless and should be denied.

1. Plaintiff Has Not Waived Privilege With Respect to the Alabama Litigation and Defendants' Overreaching Request Ignores Less Intrusive Alternatives

Ms. Morrison seeks recovery from the T. Rowe Price Defendants – among other things – attorney's fees and costs incurred in the related Alabama litigation in the total amount of $226,608.23. These fees were incurred due to the false statements made by the T. Rowe Price Defendants to Ronald Morrison which resulted in him disinheriting Ms. Morrison, his sole heir at the time, of an estate worth approximately $1.1 million. As the T. Rowe Price Defendants know, the related Alabama litigation concluded with a settlement that provided for 50% of Ronald Morrison's Estate to be recovered by Ms. Morrison. It is simply not the case that the T. Rowe Price Defendants lack any information or documentation regarding the attorney's fees incurred in the related Alabama litigation. To the contrary, they have already received redacted copies of the invoices from each of the Alabama lawyers which together total $226,608.23. In addition, the pleadings in the Alabama litigation were not sealed and have been available to the T. Rowe Price Defendants for years as is the court docket in the event they would like to review in detail what transpired in the litigation and what pleadings were filed. In addition, Ms. Morrison has agreed to provide the T. Rowe Price Defendants with copies of all correspondence in the litigation between the parties.

Unfortunately, all of this is not enough for the T.Rowe Price Defendants who demand production of what they admit are attorney-client privileged documents in the form of unredacted fee invoices and privileged correspondence between Ms, Morrison and her Alabama lawyers. These demands are improper and overreaching for at least two separate reasons. First, and foremost, privilege has not been waived as California litigants often receive attorney's fees without the production of unredacted fee invoices (much less privileged attorney-client correspondence . *City of Colton v. Singletary,* 206 Cal.App.4th at 786; *Raining Data Corp. v. Barrenechea*, 175 Cal.App.4th 1363 (2009) (award of attorney fees may be based on declarations of counsel rather than submission of unredacted fee invoices). Each of Defendants' cited authorities arise in the insurance bad faith area of law which is not applicable here and two of the three are not published opinions. Moreover, *Mancini v. Insurance Corporation of New York*, 2009 WL 1765295 (S.D. Cal.) does not even address the issue of production of fee invoices but instead deals with refusal by a party to respond to an interrogatory regarding "the amount of attorneys' fees and costs." Here, as set forth in more detail below, Ms.



Morrison would gladly respond to such an interrogatory. *R & R Sails, Inc. v. Insurance Company of the State of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012) as does not address the issue of production of redacted as opposed to unredacted fee invoices but instead addresses possible sanctions for failure to provide trial exhibits until the eve of trial. It has no applicability here. Finally, *Luna v. Sears Life Insurance Company*, 2008 WL 2484596 (S.D. Cal.) addresses a situation where an insurance bad faith plaintiff refused to provide any information whatsoever regarding the nature of the services provided to plaintiff for which he was seeking fees. That authority is also inapplicable here given the willingness, described below in more detail below, of Ms. Morrison to describe the legal services provided by Alabama counsel in verified interrogatory responses or under oath at deposition or both.

Second, to the extent that further information regarding the services performed is necessary or desirable, the T. Rowe Price Defendants can obtain that information through interrogatories and deposition testimony. For example, Ms. Morrison would not object to and would answer fully – under oath – interrogatories that requested the number of hours billed, the hourly rates and a general description of the services rendered by Alabama counsel. Moreover, the T. Rowe Price Defendants have not yet deposed Ms. Morrison and there is no reason that counsel could not ask Ms. Morrison to describe the scope of the legal services provided by Alabama counsel. For all these reasons, there is simply no reason for Ms. Morrison to be compelled to produce privileged invoices or attorney-client correspondence and Defendants' motion should be denied. Finally, even were the Court to decide to consider production to the T. Rowe Price Defendants – and it should not – there is simply no basis under the law or facts of this case for the Court to order production of privileged case correspondence between Ms. Morrison and her Alabama counsel.

Notwithstanding having received Ms. Morrison's Rule 26 Damages Computation on October 27, 2011 (and raising no issue regarding it for a year and a half) and multiple amended versions to update the calculation in light of the related Alabama litigation and its ultimate resolution, The T. Rowe Price Defendants remain unsatisfied. The Parties agree that Rule 26 damages calculations are designed to enable a defendant "to understand the contours of its potential exposure and make informed decisions regarding settlement and discovery." *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). That is exactly what Ms. Morrison's Second Amended Calculation of Damages does. It claims total damages of $10,885,515.23 as well as prejudgment interest at the rate of seven (7) percent. In addition, the individual components of the total damages amount are further broken down to include $10,000,000 in damages for emotional distress, $108,907 in lost wages, $226,608.23 in attorney's fees incurred in the related Alabama litigation and approximately $550,000 for the lost value of 50% of Ronald Morrison's Estate. This calculation is comprehensive and certainly provides the T. Rowe Price Defendants with



Magistrate Judge Spero
October 2, 2013
Page 8

information sufficient for them to understand the contours of their potential exposure. This is particularly true given that discovery is continuing and no expert analysis or opinions have been exchanged by the Parties.

    None of the specific requests at the conclusion of Defendants' argument have any merit. With respect to the value of specific assets in the Ronald Morrison Estate, the vast majority of the value of the Estate was in accounts with four financial institutions: T. Rowe Price, Dreyfus, Fidelity and Regions Bank and Ms. Morrison has produced documents regarding those accounts as well as a copy of the Settlement Agreement in the Alabama litigation. As set forth in the Damages Calculation, the value of stock and real property initially in the Morrison Estate fluctuate with the market and with respect to a "valuation date" that will be a subject of expert analysis and, likely, opinion. With respect to the composition of the lost wages damages, Ms. Morrison cannot and need not provide an hourly rate and number of hours for employment as she is not an hourly employee. Ms. Morrison has already produced documents on this issue and as stated in the Damages Calculation, the lost wages calculation includes lost wages through the end of 2011. Of course, the T. Rowe Price Defendants remain free to inquire regarding lost wages at Ms. Morrison's deposition. Finally, Defendants complain that the emotional distress component of Ms. Morrison's damages in the amount of $10,000,000 "provides no information at all." It is unclear to Ms. Morrison what additional "information" Defendants expect at this point. The allegations of the Complaint are clear that the T. Rowe Price Defendants falsely claimed to Ronald Morrison that Ms. Morrison had told them that he was dead and that she was trying to misappropriate funds from his accounts. These statements – recorded on tape and factually indisputable – ruined the relationship between Ronald and Ashley Morrison and resulted in the family being permanently fractured right through the time of Ronald Morrison's tragic death. Ms. Morrison suffered enormous emotional distress and reserves her right to provide expert testimony on the issue. In the meantime, the T. Rowe Price defendants have already deposed her physician and remain free to inquire further on this issue at Ms. Morrison's deposition. In sum, Ms. Morrison's Second Amended Damages Calculation provides the required information and places the T. Rowe Price Defendants on notice of the liability and exposure they face in this action.

| Very truly yours, | Very truly yours, |
|---|---|
| KAUFHOLD GASKIN LLP | MURCHISON & CUMMING, LLP |
| *[signature]* | *[signature]* |
| Steven S. Kaufhold | Valarie H. Jonas |

LOS ANGELES    IRVINE    SAN DIEGO    SAN FRANCISCO    LAS VEGAS

