Valarie H. Jonas (SBN 137525)
vjonas@murchisonlaw.com
Alicia M. Gurries (SBN 210225)
agurries@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
275 Battery Street, Suite 550
San Francisco, California 94111
Telephone: (415) 524-4300
Facsimile: (415) 391-2058

Attorneys for Defendants, T. ROWE PRICE GROUP, INC; T. ROWE PRICE INVESTMENT SERVICES, INC.; T. ROWE PRICE SERVICES, INC.; T. ROWE PRICE TRUST COMPANY

Steven S. Kaufhold (SBN 157195)
skaufhold@kaufholdgaskin.com
Jonathan B. Gaskin (SBN 203625)
jgaskin@kaufholdgaskin.com
KAUFHOLD GASKIN LLP
388 Market Street, Suite 1300
San Francisco, CA 94111
T: 415-944-9402
F: 415-874-1071

Attorneys for Plaintiff
ASHLEY MORRISON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY MORRISON,<br><br>          Plaintiff,<br><br>     vs.<br><br>T. ROWE PRICE GROUP, INC.; T. ROWE PRICE INVESTMENT SERVICES, INC.; T. ROWE PRICE SERVICES, INC.; T. ROWE PRICE TRUST COMPANY; and DOES 1-10,<br><br>          Defendants. | CASE NO. C11-2813 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:   December 19, 2013<br>Time:  10:30 a.m.<br>Dept:   5<br>Judge: Edward M. Chen |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 (Last Revised November 27, 2012) and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* Notice of Removal of Action [Doc. No. 1]. Assignment to the San Francisco Division is proper because the original state court action filed by Plaintiff was brought in the Superior Court of the County of Marin. *See Id.* All parties have been served.

2. **Facts**

In April 2010, Ronald Morrison, Plaintiff's father, was diagnosed with incapacitating brain and lung cancer. On May 6, 2010, Plaintiff called Defendants. All telephone calls with Defendants are recorded and speak for themselves. On May 17, 2010, Ronald Morrison contacted Defendants. On May 19, 2010, Defendant contacted Ronald Morrison. Ronald Morrison subsequently contacted Defendants on May 27, June 8, June 18 and June 23, 2010. At some point, Ronald Morrison removed Ashley Morrison as a beneficiary of his accounts with Defendants. On May 24, 2010, Ronald Morrison married Jennifer Morrison. On June 8, 2010, Ronald Morrison changed his will to include his wife, Jennifer Morrison, as the sole beneficiary of the accounts managed by T. Rowe Price Service, Inc. On July 25, 2010, Ronald Morrison passed away.

The principal factual issues in dispute are:

(i) Whether Plaintiff's disinheritance from Ronald Morrison was a result of any of Defendants' actions.

(ii) Whether Defendant slandered Plaintiff.

(iii) Whether Defendant libeled Plaintiff.

(iv) Whether Defendants intentionally interfered with Plaintiff's prospective economic advance.

(v.) Whether Defendants negligently interfered with Plaintiff's prospective economic advance.

(vi) Whether Defendants intentionally inflicted emotional distress on Plaintiff.

(vii) Whether Defendants negligently inflicted emotional distress on Plaintiff.

(viii) What damages, if any, Plaintiff has suffered as a result of any wrongful act of Defendants.

3. **Legal Issues**

The principal legal issues disputed by the parties are as follows:

(i) Whether Plaintiff can succeed on her claim for slander pursuant to California Civil Code § 46.

(ii) Whether Plaintiff can succeed on her claim for libel pursuant to California Civil Code § 45.

(iii) Whether Plaintiff can succeed on her claim for intentional interference with prospective economic advantage.

(iv) Whether Plaintiff can succeed on her claim for negligent interference with prospective economic advantage.

(v) Whether Plaintiff can succeed on her claim for intentional infliction of emotional distress.

(vi) Whether Plaintiff can succeed on her claim for negligent infliction of emotional distress.

(vii) Whether Plaintiff can succeed on her claim for breach of fiduciary duty.

(viii) Whether Defendants owed a fiduciary duty to Plaintiff.

(ix) What damages, if any, Plaintiff is entitled to recover.

### 4. **Motions**

The Parties have submitted three joint letters of discovery dispute to Magistrate Judge Joseph C. Spero which have been resolved.

On **September 18, 2013**, the Court denied Defendants' Administrative Motion to Continue the Mediation Deadline of November 6, 2013. *See* Doc. No. 68.

Defendants anticipate filing a Motion for Summary Judgment or in the Alternative Summary Adjudication on or before the date set forth in the proposed Scheduling Order below.

### 5. **Amendment of Pleadings**

Plaintiff is considering currently whether to request leave of court to amend her complaint based on a change in California law since the filing of the Complaint which change was recently noted by Defendants. Plaintiff anticipates making this determination within the next two weeks.

### 6. **Evidence Preservation**

To comply with her preservation efforts, Plaintiff has preserved all documents – both written and electronic – reasonably believed to be relevant.

To comply with their preservation efforts, Defendants took steps to preserve documents, including electronic communications, which existed at the time Plaintiff filed her Complaint against Defendants. Defendants placed a litigation hold on those documents and data that they reasonably believe are relevant.

### 7. **Disclosures**

The parties exchanged initial disclosures in accordance with Fed. R. Civ. P. 26 on **September 14, 2011.**

On **July 24, 2013** and **November 15, 2013**, Defendants served Supplemental

Disclosures pursuant to Fed. R. Civ. P. 26.

On **September 13, 2013,** Plaintiff served her Amended Calculation of Damages, Updating the Rule 26 Calculation of Damages Last Provided in Plaintiff's Amended Rule 26 Disclosures of October 27, 2011.

On **September 30, 2013,** Plaintiff served her Second Amended Calculation of Damages.

8. **Discovery**

On **September 27, 2011**, this court entered a Case Management Conference Order stating that the discovery by the parties should be "...narrowly tailored written discovery necessary to prepare for mediation." The court ordered "Prior to mediation, Plaintiff is allowed to take two (2) depositions - 30(b)(6) and one of defendants' representatives. Defendants are allowed to take five (5) depositions." *See* Doc. No. 28. Further, on **January 31, 2013**, the court ordered that "discovery shall be limited to focused discovery necessary to facilitate mediation in this matter" and that "[p]rior to mediation, Plaintiff is allowed to take two (2) depositions - 30(b)(6) and one of defendants' representatives. *See* Doc. No. 41. Plaintiff has now taken two depositions.

On **July 25, 2013**, the court ordered that Defendants may take six depositions prior to mediation. Defendants have now taken three depositions. *See* Doc. No. 62.

Any further discovery shall be taken pursuant to further order of the Court or stipulation. The parties shall contact Magistrate Judge Spero for resolution on all discovery disputes. *Id*.

The parties have propounded written discovery. The parties agree to conduct discovery under the guidelines set forth in the Federal Rules of Civil Procedure.

Plaintiff has served written discovery on Defendants. Plaintiff has also taken the deposition testimony of one of Defendants' employees, Melissa Rupe, as

set forth in her Rule 26 Disclosure, and has taken additional deposition testimony pursuant to FRCP Rule 30(b)(6) of Stephanie Stearman. Both depositions took place in Colorado Springs, Colorado.

Plaintiff intends to take the depositions of the following individuals, who are employed by Defendants or employed by related T. Rowe Price companies: Gregory Williams, Kyle Zengel, Steven Horne, Jeffrey Park, Kimberly Lohr, Joshua Habeck, Alicia Bromley, David Donohoo, Dennis LeBaron, Jon Limm, Gilbert Schisler, Tim Roe, Phil Scott, Lizzy Phillips, David Hunter, Glenn Pendleton, Rebecca Taylor, Nathan Woolridge, Joe Palazzolo, Courtney Burr and Susan Nakai. Defendants have informed Plaintiff that these witnesses reside in Colorado, Maryland and Florida. The parties are working together towards scheduling these depositions.

Defendants have propounded written discovery on Plaintiff. On **October 22, 2013**, Discovery Magistrate Spero issued a Discovery Order requiring Plaintiff to produce, within 30 days, the estate litigation file and redacted bills and a detailed privilege log, or unredacted bills in response to Defendants' Requests for Production. *See* Doc. No. 73. On **November 21, 2013**, Plaintiff produced her Alabama attorneys' files except documents she asserts are privileged or work product documents. On **November 22, 2013**, Plaintiff produced attorney invoices pursuant to Magistrate Judge Spero's order. Defendants are in the process of reviewing these documents. It is Defendants' position that they cannot take and complete Plaintiff's deposition until they have received all documents responsive to the Requests for Production and complete discovery responses.

Defendants have taken the deposition of Dr. Ruth Rubin, a treating physician disclosed by Plaintiff. In addition on October 11, 2013, Defendants took the depositions of Judith Corte, Plaintiff's mother, and Mr. John Kendrick, a witness Plaintiff identified in her Rule 26(a) Disclosure. These depositions were taken in

Mobile, Alabama.

Defendants anticipate taking the depositions of the following individuals: Plaintiff; Plaintiff's spouse; Plaintiff's chief technology officer; Plaintiff's additional treating physicians, psychologists, and/or psychiatrists; Judy Cooper, the Alabama postal worker who is reported to have told Ronald Morrison that Plaintiff reported Ronald Morrison was deceased; Jennifer Morrison; Plaintiff's Alabama attorneys regarding the reasonableness of fees and costs incurred in the Plaintiff's estate litigation with Jennifer Morrison; and those individuals who have been deposed during or given trial testimony in the case entitled *Morrison v. Morrison*, Case No. CV-10-1125 from the Circuit Court of Mobile County, Alabama (the "Alabama Matter"), which has settled.

9. **Class Actions**

Not applicable.

10. **Related Cases**

With the resolution of the Alabama matter the Parties are not aware of any related cases.

11. **Relief**

As part of her Complaint, Plaintiff seeks general, special and punitive damages.

As part of their affirmative defenses, Defendants seek dismissal of the Complaint in its entirety. *See* Doc. 1-8. Defendants previously sought the dismissal of T. Rowe Price Group, Inc., T. Rowe Price Investment Services, Inc. and T. Rowe Price Trust Company, as these entities were not involved in any of the events that give rise to this lawsuit. On April 23, 2013, Defendants provided Plaintiff with an affidavit from Glenn Pendleton, the Manager of the Colorado Springs, Colorado office of T. Rowe Price Services, Inc., and Vice President of T. Rowe Price Services, Inc., T. Rowe Price Investment Services, Inc. and T. Rowe

Price Trust Company, stating that none of the alleged communications which give rise to this lawsuit were made by any employee or by anyone acting on behalf of T. Rowe Price Group, Inc., T. Rowe Price Investment Services, Inc. or T. Rowe Price Trust Company. Plaintiff disputes Defendants' assertion that these three Defendants "were not involved in any of the events that give rise to this lawsuit" and has not agreed to dismiss these Defendants.

## 12. **Settlement and ADR**

The parties participated in private mediation with Debra Mellinkoff on November 4, 2013. The parties did not settle at mediation. The parties have agreed to further mediation after completion of additional discovery.

## 13. **Consent to Magistrate Judge For All Purposes**

Pursuant to Northern District Civil Local Rule 72-1, this court referred this matter for all discovery purposes to Magistrate Judge Joseph C. Spero. *See* Doc. No. 43.

## 14. **Other References**

The parties do not agree that this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. **Narrowing of Issues**

At this stage of the proceedings, the parties are unable to suggest any issue that can be narrowed by agreement or motion or any method to expedite the presentation of evidence at trial.

## 16. **Expedited Trial Procedure**

The parties have not agreed to handling of matters on an expedited basis with streamlined procedures.

## 17. **Scheduling**

The schedule proposed by the parties is as follows: The parties shall complete further mediation by **March 31, 2014.**

1. The parties shall complete fact discovery by **April 14, 2014.**
2. The parties shall designate experts and file expert reports by **May 19, 2014.**
3. Rebuttal experts and reports shall be disclosed by **June 30, 2014.**
4. The parties will complete expert discovery by **August 11, 2014.**
5. Dispositive motions shall be filed by **September 15, 2014.**
6. The pretrial conference shall be set for the week of **November 17, 2013.**
7. The trial shall be set for **January 12, 2015** or on a date shortly thereafter depending upon the Court's calendar and availability.

## 18. Trial

This case is to be tried before a jury. The parties presently expect the trial to take eight (8) days.

## 19. Disclosure of Non-party Interested Entities or Persons

The parties have filed their respective Certificates of Interested Entities or Persons. *See* Docs 3 and 16. Plaintiff states that no other persons or entities, other than Defendants, have an interest in this litigation. Defendants state that as of June 9, 2011, Defendant T. Rowe Price Group, Inc., a Maryland corporation, is the holding company for Defendants T. Rowe Price Investment Services, Inc., T. Rowe Price Services, Inc. and T. Rowe Price Trust Company. Since 2000, Defendant, T. Rowe Price Group, Inc. has been the holding company for all T. Rowe Price affiliated companies, too numerous to name here. Defendant T. Rowe Price Group, Inc. and its affiliated companies, have financial and non-financial interests in Defendants and the subject matter of this action that could be substantially affected by the outcome of this proceeding.

## 20. Other

At this time, the parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: December 12, 2013   /s/ Steven Kaufhold

STEVEN KAUFHOLD
JONATHAN GASKIN
Counsel for Plaintiff

Dated: December 12, 2013   /s/ Valarie H. Jonas

VALARIE H. JONAS
ALICIA M. GURRIES
Counsel for Defendants

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

Hon. Edward M. Chen
United States District Judge